# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 15-772V

Filed: June 22, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| HANNAH MARIE ROBINSON, | * | Special Master Hamilton-Fieldman |
| | * | |
| Petitioner, | * | Petitioner's Motion for Dismissal |
| | * | Decision; Gardasil Vaccine; Chest |
| v. | * | Pain; Heart Palpitations; Shortness |
| | * | of Breath; Chronic Headaches; |
| SECRETARY OF HEALTH | * | Autoimmune Disease; Upper and |
| AND HUMAN SERVICES, | * | Lower Extremity Weakness; Chronic |
| | * | Pain; Hypotension; Blurred Vision; |
| Respondent. | * | Tingling and Numbness; Gait |
| * * * * * * * * * * * * * * * * * * * * * * * * | | Disturbance. |

<u>Larry Dean Wright</u>, Criterion Law, LLC, Kansas City, MO, for Petitioner.
<u>Debra A. Filteau Begley</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 23, 2015, Hannah Marie Robinson ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act"). Petitioner alleged that the administration of the Gardasil vaccine, on July 25 and September 26, 2012, and January 28, 2013, caused her to suffer chest pain, heart palpitations, shortness of breath, chronic headaches, autoimmune disease, upper and lower extremity weakness, chronic pain, hypotension, blurred vision, tingling and numbness, and gait disturbance. Pet. at 1, ECF No. 1. After reviewing the record, the undersigned concludes that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

Petitioner is not entitled to an award under the Vaccine Act.

On June 21, 2016, Petitioner filed a Motion for a Decision Dismissing her Petition. *See generally* Mot. for Decision, ECF No. 29. According to the motion, "[a]n investigation of the facts and science supporting Petitioner's claim has demonstrated that Petitioner will unable to prove she is entitled to compensation." *Id.* at 1. Petitioner confirms that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her," and thus "end all of her rights in the Vaccine Program." *Id.*

To receive compensation under the Vaccine Act, Petitioner must prove either (1) that she suffered a "Table Injury," i.e., an injury falling within the Vaccine Injury Table, corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* 42 U.S.C. §§ 300aa-11(c)(1), 13(a)(1)(A). The record neither reveals a "Table Injury" nor contains a medical expert's opinion or other persuasive evidence indicating that her injuries were caused by a vaccination.

Under the Vaccine Act, Petitioner may not be awarded compensation based solely on her attestations alone; rather, the petition must be supported by either medical records or by the opinion of a competent physician. *See* 42 U.S.C. § 300aa-13(a)(1). Lacking both, the only alternative remains to DENY this petition.

**As a result, this case is dismissed for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.** [2]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).